IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| TAURUS BLAKEMORE | § | |
| v. | § | CIVIL ACTION NO. 6:10cv618 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT</u>

The Petitioner Taurus Blakemore, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Blakemore was convicted of robbery on December 19, 2007, receiving a sentence of 60 years in prison. He took a direct appeal of his conviction and also sought state habeas corpus relief, to no avail. In his federal petition, Blakemore complains that he received ineffective assistance of counsel, he was subjected to malicious prosecution, counsel failed to relay a plea offer to him, and the trial court imposed sentence despite the fact that he had elected to have punishment assessed by the jury.

The Magistrate Judge ordered the Respondent to answer the petition, and the Respondent filed a motion to dismiss based upon the statute of limitations. On April 27, 2011, the Magistrate Judge issued a Report recommending that the motion to dismiss be granted and that the petition be dismissed. The Magistrate Judge observed that while the Respondent appeared to have incorrectly calculated the time periods involved, the limitations period had expired even when the time period

1

was calculated correctly. The Magistrate Judge also recommended that Blakemore be denied a certificate of appealability *sua sponte*.

Blakemore did not file objections to the Report of the Magistrate Judge. Instead, on May 2, 2011, he filed a response to the motion to dismiss. Blakemore has also sought an extension of time in which to file objections, which was granted until June 28, 2011, but has not done so. In the interest of justice, his untimely response to the motion to dismiss will be construed as objections to the Magistrate Judge's Report.

In this response, Blakemore argues that he is entitled to equitable tolling of the statute of limitations because he underwent operations on his foot and right shoulder, and he could not take legal materials with him to the hospital. Blakemore states that he is right-handed and most of his pleadings are hand-written. He says that these surgeries took place "during the AEDPA limitations period," but does not provide more precise dates.

The record shows that Blakemore's petition for discretionary review was refused by the Texas Court of Criminal Appeals on December 17, 2008, and so his limitations period ran from March 17, 2009, to March 17, 2010. He filed his state habeas corpus petition on March 18, 2010, one day after the limitations period had expired.

In Caldwell v. Dretke, 182 Fed.Appx. 346, 2006 WL 1519472 (5th Cir., May 26, 2006), the petitioner Lee Caldwell asserted that the statute of limitations should be equitably tolled based upon his medical condition. However, the Fifth Circuit stated that "he has not supported these allegations with evidence of the rare and exceptional circumstances necessary to warrant equitable tolling." In particular, the Fifth Circuit noted "the absence of specific evidence of the impact of his medical conditions on his ability to file a timely application" in concluding that the district court did not abuse its discretion in denying equitable tolling.

Similarly, in Watkins v. Dretke, civil action no. 4:05cv444, 2005 WL 3555412 (N.D.Tex., December 29, 2005, certificate of appealability denied by Fifth Circuit, May 28, 2010), the Northern District of Texas rejected a contention that the petitioner was entitled to equitable tolling because

she had undergone five knee surgeries and was thus unable to physically gain access to the law library. The Fifth Circuit denied the petitioner a certificate of appealability. *See also* Lang v. Alabama, 179 Fed.Appx. 650, 2006 WL 1208056 (11th Cir., May 5, 2006) (cancer requiring chemotherapy and coronary bypass surgery did not justify equitable tolling).

In this case, as in Caldwell, Blakemore did not support his allegations with evidence of the rare and exceptional circumstances necessary to warrant equitable tolling, nor did he present specific evidence of the impact of his medical conditions on his ability to file a timely application. As a result, he has failed to show that he is entitled to equitable tolling, nor that the Magistrate Judge's Report was otherwise in error. To the extent that Blakemore's response to the motion to dismiss may be construed as objections to the Magistrate Judge's Report, such objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in the cause, the Respondent's motion to dismiss, the Report of the Magistrate Judge, and the Petitioner's reply to the motion to dismiss, which has been construed as objections to the Report. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Respondent's motion to dismiss (docket no. 16) is GRANTED and that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Taurus Blakemore is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**SIGNED this 11th day of July, 2011.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE